[No. S159133. Apr. 27, 2009.]

THE PEOPLE, Plaintiff and Appellant, v.
THOMAS BONNETTA et al., Defendants and Respondents.

## Counsel

Robert J. Kochly, District Attorney, Dana L. Filkowski, Arvon J. Perteet and Greg W. Chambers, Deputy District Attorneys, for Plaintiff and Appellant.

Steve Condie, under appointment by the Supreme Court, for Defendant and Respondent Thomas Bonnetta.

Violet Elizabeth Grayson, under appointment by the Supreme Court, for Defendant and Respondent Michael Wilen.

## Opinion

**WERDEGAR, J.**—Penal Code section 1385, subdivision (a) provides in relevant part: "The judge . . . may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed."[1] The discretion thereby conferred on the trial courts includes the discretion to dismiss or strike an enhancement in the furtherance of justice. (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 504 [53 Cal.Rptr.2d 789, 917 P.2d 628]; *People v. Thomas* (1992) 4 Cal.4th 206, 209 [14 Cal.Rptr.2d 174, 841 P.2d 159].) But whether the decision is to dismiss the entire action or, as here, only an enhancement

---

[1] Penal Code section 1385 reads in its entirety:

"(a) The judge or magistrate may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The

allegation, Penal Code section 1385 requires that the reasons for the dismissal be set forth "in an order entered upon the minutes." (*Id.*, subd. (a).) Here they were not.

■ A century of judicial decision, looking to the Legislature's intent in enacting Penal Code section 1385, has construed its provisions to be "mandatory," so that an order of dismissal is ineffective in the absence of a written statement of reasons entered upon the minutes. Despite the multitude of decisions adopting this construction, defendants contend section 1385 actually means something else. They invite us to adopt an interpretation that will preserve an order of dismissal entered without a written statement of reasons entered upon the minutes if the appellate court is able to discern the trial court's reasoning from some other portion of the record. Defendants' construction has some appeal, particularly where, as here, the trial court's reasons unambiguously appear in the transcript of the oral proceedings. Nonetheless, that the settled meaning of section 1385 in some instances renders compliance with its mandate inefficient does not justify the conclusion that the Legislature that enacted it intended something different, particularly when valid reasons existed and continue to exist for the long-standing interpretation. We also reject defendants' argument that the district attorney waived the error by failing to inspect the written record after the hearing to ensure that the trial court had complied with section 1385's requirements.

We therefore affirm the judgment of the Court of Appeal reversing the orders of dismissal. However, because the Court of Appeal made no further order, defendants currently stand convicted of all charges and enhancements, a result at odds with both the trial court's evident intent and defendants' understanding that their admission of guilt would lead to dismissal of the enhancements. We therefore remand the matter to the Court of Appeal with directions to allow the trial court either to correct the error by again ordering dismissal, setting forth its reasons in an order entered upon the minutes, or to reconsider its decision and take appropriate action including, if necessary, proceeding as if the order had not been entered in the first instance.

---

reasons for the dismissal must be set forth in an order entered upon the minutes. No dismissal shall be made for any cause which would be ground of demurrer to the accusatory pleading.

"(b) This section does not authorize a judge to strike any prior conviction of a serious felony for purposes of enhancement of a sentence under Section 667.

"(c)(1) If the court has the authority pursuant to subdivision (a) to strike or dismiss an enhancement, the court may instead strike the additional punishment for that enhancement in the furtherance of justice in compliance with subdivision (a).

"(2) This subdivision does not authorize the court to strike the additional punishment for any enhancement that cannot be stricken or dismissed pursuant to subdivision (a)."

## BACKGROUND

On July 8, 2004, defendant Thomas Bonnetta was a passenger in a car stopped by a deputy sheriff. Behind Bonnetta's seat, the deputy found two cans of lye, a substance used in manufacturing methamphetamine. After learning Bonnetta was on parole, the deputy conducted a parole search of a residence Bonnetta shared with defendant Michael Claude Wilen. That search and a later one conducted pursuant to a warrant led to the discovery of materials, equipment, and documents suggesting defendants were involved in an ongoing operation for the manufacture and sale of methamphetamine. One of the items seized was a five-gallon jug filled with a bilayered liquid that when tested indicated the presence of methamphetamine. Bonnetta told investigating officers he was "pulling pills," a reference to the act of "pulling" pseudoephedrine from cold medication.

Bonnetta and Wilen were jointly charged with manufacturing methamphetamine (Health & Saf. Code, § 11379.6, subd. (a)), possessing components to manufacture methamphetamine (*id.*, § 11383, former subd. (c)(1)), possessing specified chemicals with the intent to manufacture methamphetamine (*id.*, § 11383, former subd. (g)), and possessing methamphetamine for sale (*id.*, § 11378). Wilen was charged additionally with separate counts of possessing components to manufacture methamphetamine and possessing laboratory glassware or apparatus with an intent to manufacture methamphetamine (*id.*, §§ 11383, former subd. (g), 11104.5).

The information also included numerous allegations that, if found true, would support or require enhancements to any terms of imprisonment imposed upon judgments convicting defendants of the charged offenses. It was alleged the substance defendants used in manufacturing methamphetamine exceeded three gallons of liquid by volume or one pound of solid substances by weight, an allegation that if true supports a three-year enhancement under Health and Safety Code section 11379.8, subdivision (a)(1). It was alleged Bonnetta had suffered a number of prior drug-related convictions, each supporting a three-year enhancement under Health and Safety Code section 11370.2, subdivision (c). It was alleged that two of those convictions, and an additional conviction for being a felon in possession of a firearm, were felonies for which Bonnetta had served a term in prison, so that one-year enhancements for each conviction were required by Penal Code section 667.5, subdivision (b). And it was alleged Wilen had suffered one prior drug-related felony conviction supporting Health and Safety Code section 11370.2's three-year enhancement and had suffered seven prior convictions for purposes of one-year enhancements required by Penal Code section 667.5, subdivision (b).

All told, Bonnetta faced a maximum sentence of 29 years and Wilen a maximum sentence of 22 years in state prison. The trial court indicated that if each defendant would enter a plea of guilty to all charges and admit all the enhancements, it would sentence Bonnetta to no more than eight years' imprisonment and Wilen to no more than six years eight months' imprisonment. Defendants were willing, but the prosecutor objected, asserting the court could arrive at the proposed sentences only by striking most of the enhancements, which in the prosecutor's opinion would be an abuse of discretion. Despite the prosecutor's objections, the court accepted defendants' pleas and sentenced them as indicated.

As the prosecutor had foreseen, the court reached the agreed-upon terms by striking most of the enhancements. The court struck the allegations concerning the quantity of the substance in the jug found at defendants' residence, stating that after reviewing the preliminary hearing testimony it could not find beyond a reasonable doubt the prosecutor would be able to prove the jug contained more than three gallons of liquid by volume or one pound of solid substances by weight. The court imposed a three-year term for a drug-related conviction suffered by Bonnetta in 2000, but struck all of Bonnetta's other drug-related enhancements, explaining they were old and remote or that it was striking them in the interest of justice, to achieve parity in sentencing, and to facilitate the speedy resolution of the matter. The court imposed a one-year term for one of Wilen's prior convictions, but struck all the other allegations of prior convictions, explaining they were remote. The court's decision was reduced to an order entered upon the minutes, but the written order did not set forth any of the court's reasons for striking the enhancements.

The People appealed, contending the trial court had abused its discretion by striking the enhancements and that the orders were ineffective because the court had not set forth its reasons for the dismissals in an order entered upon the minutes. The Court of Appeal agreed and reversed the orders striking the additional terms of imprisonment required or authorized by the enhancement allegations.

## DISCUSSION

### I.

Penal Code sections 1385 and 1386, enacted in 1872, codify California's rejection of the English rule of nolle prosequi, under which the prosecutor alone had authority to discontinue a prosecution, in favor of granting sole

authority to the courts to dismiss actions in furtherance of justice.[2] (See *People v. Tenorio* (1970) 3 Cal.3d 89, 92–93 [89 Cal.Rptr. 249, 473 P.2d 993].) "The court, for the purposes of the order of dismissal, takes charge of the prosecution, and acts for the people. It holds the power to dismiss, as the attorney-general in England holds the power to enter a *nolle prosequi*, by virtue of the office and the law; and it is exercised upon official responsibility." (*People v. More* (1887) 71 Cal. 546, 547 [12 P. 631].) But in granting authority to a court to dismiss "in furtherance of justice," the Legislature "required the court to spread upon the minutes for public reference the reason for its action in dismissing a felony prosecution." (*People v. Romero* (1936) 13 Cal.App.2d 667, 670 [57 P.2d 557].) "From the standpoint of the public welfare, potent arguments suggest themselves as to the wisdom of such a requirement. Indeed, the legislature has gone so far as to guard against the likelihood of the court doing violence to the interest of justice by providing that such order can be made only 'in the furtherance of justice'. The obvious function of section 1385 of the Penal Code is to impose a duty on the court, but with certain limitations and conditions: the 'limitation' that such dismissal must be in furtherance of justice, and the 'condition' that the reasons for the dismissal·must be entered upon the minutes." (*Id.* at pp. 670–671.)

■ The cases have long held a dismissal without a written statement of reasons is invalid and of no effect regardless of the reviewing court's belief that the reasons for the dismissal can be discerned from other portions of the record. Thus, 100 years ago, in *People v. Disperati* (1909) 11 Cal.App. 469 [105 P. 617], the court stated: "We have no authority to disregard this requirement or to hold that it is merely directory." (*Id.* at p. 476.) "Here there is no pretense that the order of the court recites the reasons upon which it was based. It is true the record shows the grounds upon which the motion was made by the district attorney, but nothing in the order shows that these grounds were, or any of them was, the basis for the action of the court." (*Id.* at p. 477.)

Numerous cases have taken the same view, emphasizing that the public declaration inherent in a written order is a *purposeful* restraint, that Penal Code section 1385's requirements are not directory and may not be disregarded, and that a reporter's transcript showing the trial court's motivation is not enough; the *minutes* must reflect the reason. (E.g., *People v. Superior Court (Pipkin)* (1997) 59 Cal.App.4th 1470, 1477 [70 Cal.Rptr.2d 180]; *People v. Andrade* (1978) 86 Cal.App.3d 963, 974–975 [150 Cal.Rptr. 662]; *People v. Ritchie* (1971) 17 Cal.App.3d 1098, 1104–1105 [95 Cal.Rptr. 462]; *People v. Beasley* (1970) 5 Cal.App.3d 617, 637 [85 Cal.Rptr. 501].)

---

[2] Penal Code section 1386 provides: "The entry of a nolle prosequi is abolished, and neither the Attorney General nor the district attorney can discontinue or abandon a prosecution for a public offense, except as provided in Section 1385."

This court has not been silent. " 'The statement of reasons is not merely directory, and neither trial nor appellate courts have authority to disregard the requirement. It is not enough that on review the reporter's transcript may show the trial court's motivation; the *minutes* must reflect the reason "so that all may know why this great power was exercised." ' " (*People v. Superior Court (Romero), supra,* 13 Cal.4th at p. 531; accord, *People v. Williams* (1998) 17 Cal.4th 148, 159 [69 Cal.Rptr.2d 917, 948 P.2d 429].)[3]

The Court of Appeal, although reversing the dismissals here under the compulsion of stare decisis, urged the adoption of a new rule allowing a reviewing court to examine the transcripts of the oral proceedings for a trial court's reasons for its decision to dismiss, so that a court's failure to comply with the letter of Penal Code section 1385 might be deemed harmless error under article VI, section 13 of the California Constitution. In support, defendants point out that the constitutional provision was added in 1911, postdating the enactment of section 1385 and the *Disperati* court's construction of the statute's requirement of a statement of reasons.

There is little reason, however, to suppose the court in *People v. Disperati, supra,* 11 Cal.App. 469, would have reached a different conclusion had California's Constitution at that time included the harmless error standard. The court condemned the *practice* of failing to state reasons, warning of the abuse that "is likely to follow" and speaking of the "invasion of the authority of a co-ordinate branch of the government." (*Disperati,* at p. 477.) Such language is wholly inconsistent with the concept of harmless error. Moreover, while *Disperati* was decided two years before the harmless error standard was added to the state's Constitution, the vast majority of the decisions holding Penal Code section 1385's requirement to be mandatory came later, still emphasizing that the harm was not that some injustice had taken place in the action under review, but that the practice could lead to abuse. As we said in *People v. Orin, supra,* 13 Cal.3d at page 944: "The underlying purpose of this statutory requirement is 'to protect the public interest against improper or corrupt . . . dismissals' and to impose a purposeful restraint upon the exercise of judicial power . . . ." (See also, e.g., *People v. Beasley, supra,* 5 Cal.App.3d at p. 637 [" 'A judge dismissing criminal charges without trial, upon his own motion, must record his reasons so that all may know why this great power was exercised, and such public declaration is indeed a purposeful restraint, lest magistral discretion sweep away the government of laws.' "].)

While the Legislature has amended Penal Code section 1385 on several occasions, it has never altered the language requiring that the reasons

---

[3] See also *People v. Hunt* (1977) 19 Cal.3d 888, 897 [140 Cal.Rptr. 651, 568 P.2d 376]; *People v. Orin* (1975) 13 Cal.3d 937, 944–945 [120 Cal.Rptr. 65, 533 P.2d 193]; *People v. Superior Court (Howard)* (1968) 69 Cal.2d 491, 503, footnote 7 [72 Cal.Rptr. 330, 446 P.2d 138].

for a dismissal be set forth in an order entered upon the minutes.[4] Although the absence of legislative response to a judicial construction of a statute will not be deemed an implied ratification of that construction, when a statute has been construed by the courts and the Legislature thereafter reenacts the statute without changing the interpreted language, a presumption is raised that the Legislature was aware of and has acquiesced in that construction. (*People v. Leahy* (1994) 8 Cal.4th 587, 604 [34 Cal.Rptr.2d 663, 882 P.2d 321]; *People v. Escobar* (1992) 3 Cal.4th 740, 750–751 [12 Cal.Rptr.2d 586, 837 P.2d 1100]; *People v. Bouzas* (1991) 53 Cal.3d 467, 475 [279 Cal.Rptr. 847, 807 P.2d 1076].)

Nevertheless, because the Legislature has not expressly endorsed the judicial construction of Penal Code section 1385, theoretically we are not precluded from reversing course; we could conclude that despite the venerability of the judicial construction and the Legislature's acquiescence, the Legislature when enacting section 1385 intended its requirements to be merely directory. But that California in 1911 adopted the doctrine of harmless error does not make out a compelling case for reconsidering the Legislature's intent in 1909. The task of the courts is to determine what the Legislature intended at the time it enacted a statute, not to speculate on what the Legislature might have done had it enacted the statute at a later time when other factors were present. In short, we are not persuaded the historic construction of Penal Code section 1385 was wrong. If the Legislature thinks otherwise, it may amend the section to conform to its view of whether the section's requirement should be mandatory.

Having concluded Penal Code section 1385 states a mandatory requirement, we have no reason to consider whether a violation of its provisions might be deemed harmless. Nonetheless, in response to the argument that there is no logical reason to hold invalid a dismissal if the trial court had discretion to grant it, we find it useful again to note that the purpose of the requirement is to allow review of the trial court's reasons for ordering dismissal. "[W]e are dealing not with a pure question of law but with the exercise of a trial court's discretion. It would be incongruous for an appellate court, reviewing such order, to rely on reasons not cited by the trial court. Otherwise, we might uphold a discretionary order on grounds never considered by, or, worse yet, rejected by the trial court. And, if the appellate court is free to scour the record for other reasons to support the dismissal, or accept

---

[4] A 1951 amendment substituted "prosecuting attorney" for "District Attorney," authorized the dismissal of an "action" instead of an "action or indictment," and added the sentence: "No dismissal shall be made for any cause which would be ground of demurrer to the accusatory pleading." (Stats. 1951, ch. 1674, § 141, p. 3857.) A 1980 amendment substituted "judge or magistrate" for "court." (Stats. 1980, ch. 938, § 7, p. 2968.) A 1986 amendment placed what had been the entire section into a subdivision (a) and added subdivision (b). (Stats. 1986, ch. 85, § 2, p. 211.) And a 2000 amendment added subdivision (c). (Stats. 2000, ch. 689, § 3.)

reasons suggested by the defendant, there was no reason for the Legislature to require that the lower court record the basis for the dismissal in the first instance." (*People v. Bracey* (1994) 21 Cal.App.4th 1532, 1542 [26 Cal.Rptr.2d 730], fn. omitted.) Of course there is little reason to fear that a trial court's abuse of discretion will go undetected when, as here, the reasons for a dismissal are clearly stated during the oral proceedings and have become a part of the reporter's transcript. However, experience suggests the more common practice is for the court and counsel to engage in a wide-ranging discussion, before the court, without clearly identifying the points it found persuasive, states its decision. And although a rule might be stated that would allow the reviewing court to uphold the trial court's order if, but only if, it finds the trial court's reasons to be clearly articulated, or if any and all of the reasons mentioned would justify dismissal, such a rule, while reducing the trial court's burden, would increase that of the appellate courts without eliminating the possibility the reviewing court would misidentify the specific reason or reasons for the trial court's ruling.

## II.

■    Defendants also argue the district attorney waived the error by failing to remind the court of the necessity of a written order and later failing to take corrective action. They cite *People v. Scott* (1994) 9 Cal.4th 331 [36 Cal.Rptr.2d 627, 885 P.2d 1040], where we held that claims a trial court failed to properly make or articulate its discretionary sentencing choices, including the failure to state any reason, are waived unless challenged at the time of sentencing. (*Id.* at p. 353.) As we said there: "Although the court is required to impose sentence in a lawful manner, counsel is charged with understanding, advocating, and clarifying permissible sentencing choices at the hearing. Routine defects in the court's statement of reasons are easily prevented and corrected if called to the court's attention." (*Ibid.*) But because a minute order is entered by the court only *after* the hearing, the district attorney cannot easily ensure that it is entered or detect its absence. More-over, the failure to set forth the reasons for a dismissal in an order entered upon the minutes is not a routine defect in sentencing. It is a violation of a mandatory requirement put in place to benefit the public by assuring that a court through neglect or abuse of discretion has not misused the "great power" of dismissal. (See *People v. Superior Court (Romero), supra,* 13 Cal.4th at p. 531.) "A person may waive the advantage of a law intended for his or her benefit [citation], but 'a law established for a public reason cannot be waived or circumvented by a private act or agreement' [citations]." (*Bickel v. City of Piedmont* (1997) 16 Cal.4th 1040, 1048 [68 Cal.Rptr.2d 758,

946 P.2d 427].) Even less should a party's inaction waive a statutory requirement established for the public benefit.[5]

## III.

The People, under authority of *People v. Superior Court (Romero), supra,* 13 Cal.4th 497, assert a reversal for the trial court's failure in this case to enter an order upon the minutes setting forth its reasons for the dismissals requires remand for a new sentencing hearing. In *Romero,* we rejected the argument that a trial court lacks discretion under the three strikes law (Pen. Code, § 667, subds. (b)–(i)) to, on its own motion, strike prior felony conviction allegations. (*Romero,* at pp. 529–530.) However, we described the limited nature of the court's discretion (*id.* at pp. 530–531) and ordered the matter remanded to the trial court to allow the defendant to withdraw his plea (*id.* at p. 532). Because the trial court not only had failed to state its reasons for striking the prior-felony-conviction allegations but also had acted without benefit of this court's guidance concerning the extent of its discretion, it was necessary to set the proceedings aside so that the defendant and the court might proceed on a clean slate. That is not the situation here, as the trial court was fully aware of the limitations on its discretion when it dismissed the enhancement allegations, but simply failed to articulate its reasons for doing so in a written order.

Nonetheless, as the trial court's order of dismissal is ineffective, the matter must be remanded at least for the purpose of allowing the trial court to correct the defect by setting forth its reasons in a written order entered upon the minutes. Alternatively, on remand the trial court may, but need not, revisit its earlier decision, as on reflection it might determine its reasoning was flawed or incomplete. Judicial economy is furthered by allowing the trial court to correct what, upon reconsideration and reflection, it perceives to have been an unwarranted dismissal, or to consider if a dismissal should be ordered for some new or different reason. In such cases, the court must also have the power to take action such as reconvening the sentencing hearing or allowing a defendant to withdraw a plea entered on the understanding a count or an enhancement would be dismissed. (See *People v. Bradley* (1998) 64 Cal.App.4th 386 [75 Cal.Rptr.2d 244]; *People v. Superior Court (Pipkin), supra,* 59 Cal.App.4th at p. 1478.)

---

[5] It nonetheless is true that a trial court's failure to set forth its reasons for a dismissal on the written record will not lead to reversal when it implements a plea bargain between the district attorney and the defendant. As we recognized in *People v. Orin, supra,* 13 Cal.3d at page 945, footnote 10, the district attorney would not appeal from such an order. And because the purpose of the statutory requirement is to protect the public, not the defendant, it has been held that a defendant may not complain that the requirement has not been met. (*People v. Fox* (1954) 126 Cal.App.2d 560, 566–567 [272 P.2d 832]; see *People v. Silva* (1965) 236 Cal.App.2d 453, 455 [46 Cal.Rptr. 87].)

## DISPOSITION

The cause is remanded to the Court of Appeal to enter judgment reversing the judgments of conviction and, in turn, remand the matter to the trial court for proceedings consistent with the views we have expressed herein.

George, C. J., Baxter, J., Chin, J., Moreno, J., and Corrigan, J., concurred.

**KENNARD, J.,** Dissenting.—Penal Code section 1385, subdivision (a), requires that the reasons for a trial court's dismissal of a criminal action "be set forth in an order entered upon the minutes." (All further statutory references are to the Penal Code.) This court has said that this legislative directive is mandatory and that noncompliance results in an automatic reversal of the trial court's judgment. (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 531 [53 Cal.Rptr.2d 789, 917 P.2d 628]; *People v. Orin* (1975) 13 Cal.3d 937, 944 [120 Cal.Rptr. 65, 533 P.2d 193].) Such reversal is required even when, as occurred here, the trial court's reasons for the dismissal, though not stated in a minute order, are expressed in open court and recorded in a transcript of the proceeding. (*People v. Superior Court (Romero), supra,* at p. 531, citing the Court of Appeal's decision in *People v. Beasley* (1970) 5 Cal.App.3d 617, 637 [85 Cal.Rptr. 501]; *People v. Orin, supra,* at p. 944, citing *Beasley* and also citing *People v. Winters* (1959) 171 Cal.App.2d Supp. 876, 881–882 [342 P.2d 538].)[1]

In this case, the Court of Appeal pointed out that strict adherence to this rule can be a waste of judicial time and resources, and it asked this court to reexamine the rule and to allow appellate courts to determine whether in a particular case noncompliance with section 1385 can be harmless error. My colleagues do not share those views. I do, as explained below.

## I

Section 1385 was enacted by the Legislature in 1872. Back then, all but the most trivial of trial errors were presumed to be prejudicial, resulting in reversals of trial court judgments. (*People v. Watson* (1956) 46 Cal.2d 818, 834 [299 P.2d 243].) It is against this backdrop that one should examine the

---

[1] In neither of these two decisions was this conclusion critical to the outcome. At issue in *People v. Superior Court (Romero), supra,* 13 Cal.4th at page 531, was whether a trial court has the power to dismiss a "strike" allegation under the "Three Strikes" law (§ 667, subds. (b)–(i)); tangential to that issue was this court's observation that such a dismissal was subject to review on appeal and required automatic reversal if the reasons for the dismissal were not set forth in the trial court's minutes. And *People v. Orin, supra,* 13 Cal.3d at page 944, is distinguishable because there this court was careful to note that the trial court's reasons for its dismissal of the charges were not reflected in the record of the proceedings.

Court of Appeal's oft-cited decision in *People v. Disperati* (1909) 11 Cal.App. 469, 476–477 [105 P. 617], which held that section 1385 imposed a mandatory duty on a trial court to state its dismissal reasons in a minute order, and that failure to do so required reversal of the judgment. This inflexible rule was reiterated in several decisions of the Courts of Appeal and this court, which does so again today. (Maj. opn., *ante*, at pp. 149–150.)

Whatever legal justifications may have existed for this automatic reversal rule at the time of the Court of Appeal's decision in *People v. Disperati, supra*, 11 Cal.App. 469, those grounds no longer make sense. In 1911, just two years after the *Disperati* decision, California's voters amended the state Constitution to preclude reversal in a criminal case for any error that was not prejudicial. (*People v. O'Bryan* (1913) 165 Cal. 55, 66 [130 P. 1042].) The amendment provided: *"No judgment shall be set aside*, or new trial granted in any criminal case . . . *for error as to any matter of pleading or procedure, unless*, after an examination of the entire cause including the evidence, the court shall be of the opinion that *the error complained of has resulted in a miscarriage of justice.*" (Cal. Const., former art. VI, § 4½, added Oct. 10, 1911, repealed Nov. 8, 1966.)[2] Except for minor modifications, this harmless error provision of California's Constitution has remained the same. (See Cal. Const., art. VI, § 13.) In holding that reversal is invariably required for a trial court's noncompliance with section 1385—no matter that the dismissal reasons, though not stated in a minute order are, as here, recorded in the transcript of the proceeding—the majority pays no heed to California's constitutional directive that a judgment may be set aside only if "the error complained of has resulted in a miscarriage of justice" (Cal. Const., art. VI, § 13).

The purposes for requiring a trial court to state its reasons for a dismissal are (1) to promote judicial accountability so as to protect the public interest in not allowing improper or corrupt dismissals (*People v. Orin, supra*, 13 Cal.3d at p. 944) and (2) to facilitate appellate review (*People v. Superior Court (Romero), supra*, 13 Cal.4th at p. 531). These goals are satisfied where, as here, the trial court's dismissal reasons are fully set forth in the court reporter's transcript of the proceeding, which is a public record that can be examined by any member of the public desiring to see it, as well as by the reviewing court on appeal from the trial court's judgment. In these circumstances, the trial court's failure to have a minute order reflect its dismissal reasons is insignificant and therefore harmless error.

---

[2] Under federal law, automatic or per se reversal of a judgment is required only for "structural error," that is, error—such as the denial of counsel, the denial of a jury, or the lack of an impartial judge—that cannot be assessed in the context of other evidence in order to determine whether the error was prejudicial. (E.g., *Arizona v. Fulminante* (1991) 499 U.S. 279, 307–308 [113 L.Ed.2d 302, 111 S.Ct. 1246]; *People v. Allen* (2008) 44 Cal.4th 843, 870 [80 Cal.Rptr.3d 183, 187 P.3d 1018].)

As the Court of Appeal pointed out, to require automatic reversal in those cases in which the trial court's reasons for dismissal are stated in the reporter's transcript but not in the minute order will waste judicial time and resources. In those instances, automatic reversal requires further proceedings in the trial court and may lead to another appeal. In light of the majority's continued adherence to the rule of automatic reversal for noncompliance with section 1385, the Legislature may want to reexamine the need for this inflexible rule that utterly ignores California's constitutional directive that a judgment of a trial court can be set aside only if "the error complained of has resulted in a miscarriage of justice." (Cal. Const., art. VI, § 13.)

## II

Because of this court's statements in *People v. Superior Court* (*Romero*), *supra*, 13 Cal.4th 497, and in *People v. Orin, supra,* 13 Cal.3d 937, that compliance with section 1385 is mandatory and that failure to comply is invariably reversible error, the Court of Appeal here followed that directive, as it had to (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937]), thus refraining from conducting a harmless error analysis. Hence the Court of Appeal did not determine whether the trial court abused its discretion in dismissing the sentence enhancement allegations. I would remand this case to the Court of Appeal so it could perform such a review.