Filed 12/31/13  P. v. Johnson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>TONY JOHNSON, SR.,<br><br>　　　　Defendant and Appellant. | C070250<br><br>(Super. Ct. Nos. 08F08054,<br>08F10037, 09F01034,<br>09F08416) |

This case comes to us on appeal following a remand for resentencing after the trial court had imposed an unauthorized sentence by imposing concurrent sentences for two on-bail enhancements.  Defendant contends the trial court violated principles of due process and double jeopardy when it resentenced him to a term four years greater

1

than his initial sentence by imposing consecutive sentences for the two on-bail enhancements.

We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

Defendant was convicted by a jury of assault with a firearm (Pen. Code, § 245, subd. (a)(2))[2] and possession of a firearm by a convicted felon (former § 12021, subd. (a)(1)). Following these verdicts, defendant pleaded no contest in three other felony cases involving drunk driving and related charges. Defendant also admitted three on-bail enhancements pursuant to former section 12022.1, subdivision (b).[3] The trial court sentenced defendant to state prison for eight years, consisting of the upper term of four years for assault with a firearm; two years for the weapon possession, stayed pursuant to section 654; eight months consecutive for each of the felony driving under the influence convictions; and two years for one on-bail enhancement.

As for the remaining on-bail enhancements, the court stated, "Probation has recommended 2 years for each of the three violations, which would constitute 6 years. . . .

---

[1] On April 30, 2012, we granted defendant's motion to incorporate case No. C064750, including the unpublished opinion filed in that appeal, *People v. Johnson* (Aug. 16, 2011, C064750) [nonpub. opn.].

[2] Undesignated statutory references are to the Penal Code.

[3] Defendant committed the driving under the influence offenses while he was on bail for the case in which he was charged with assault with a firearm and possession of a firearm by a convicted felon.

At the time of defendant's arrest for assault with a firearm and possession of a firearm by a convicted felon, section 12022.1, subdivision (b) provided: "Any person arrested for a secondary offense which was alleged to have been committed while that person was released from custody on a primary offense shall be subject to a penalty enhancement of an additional two years in state prison *which shall be served consecutive to any other term imposed by the court*." (Italics added.)

[¶] . . . [¶] . . . I do respect the fact that you did admit wrongdoing at an early stage of the proceedings.  And I think that, if nothing else, the ends of justice require that, if I do anything, I at least run those terms, then, concurrent.  And that's what I'm going to do with regard to the O.R. bail enhancements, okay, to save you a maximum exposure of 4 years . . . .  [¶]  So on each of those O.R. or bail, I'm going to run those 2 years concurrent . . . ."

Later in the sentencing hearing, while clarifying aspects of the sentence, including the fact that the court was running two of the three on-bail enhancements concurrently, the following took place:

"[DEFENSE COUNSEL]:  And the two out-on-bails are going to run consecutive -- I mean, concurrently.

"THE COURT:  Concurrent.

"[DEFENSE COUNSEL]:  Right.

"THE COURT:  I mean, in fairness to your client, he did the right thing, he admitted at an early stage.  And I at least think with the support he's got and with what he did, it should at least run concurrent with regard to that."

Defendant appealed, contending among other things that the trial court erred by imposing concurrent terms for the on-bail enhancements.  Defendant argued that the trial court's reason for imposing concurrent sentences equated to dismissing the enhancements pursuant to section 1385 and asked this court to dismiss the enhancements.  (*People v. Johnson*, *supra*, C064750.) This court concluded the concurrent sentences for the on-bail enhancements were unauthorized, but declined to treat the trial court's concurrent sentences as a section 1385 dismissal and remanded for resentencing.  (*People v. Johnson*, *supra*, C064750.)

On resentencing, the trial court impliedly denied defendant's invitation to dismiss the enhancements pursuant to section 1385 by running the two on-bail enhancements consecutive to the on-bail enhancement it had originally imposed and consecutive to the

3

other sentences imposed, thereby increasing defendant's original eight-year term to 12 years.

## DISCUSSION

Defendant contends the increase of four years in his sentence violates principles of due process and double jeopardy because the sentence was vindictive and punished him for a successful appeal.

Double jeopardy and due process generally bar imposition of a more severe sentence following appeal, but "[t]he rule is otherwise when a trial court pronounces an unauthorized sentence. Such a sentence is subject to being set aside judicially and is no bar to the imposition of a proper judgment thereafter, even though it is more severe than the original unauthorized pronouncement." (*People v. Serrato* (1973) 9 Cal.3d 753, 764, overruled on other grounds in *People v. Fosselman* (1983) 33 Cal.3d 572, 583, fn. 1; see also *People v. Craig* (1999) 66 Cal.App.4th 1444, 1448, 1449 (*Craig*).)[4]

Defendant acknowledges the rule allowing a greater sentence when correcting an unauthorized sentence, but relying on *People v. Torres* (2008) 163 Cal.App.4th 1420 (*Torres*) and *People v. Mustafaa* (1994) 22 Cal.App.4th 1305, he contends an exception applies here. *Torres* and *Mustafaa* held that in resentencing, a trial court can impose no more than the originally imposed sentence if it had originally imposed a legal aggregate sentence, but did so in an unauthorized manner. (*Torres*, *supra*, 163 Cal.App.4th at pp. 1432-1433; *Mustafaa*, *supra*, 22 Cal.App.4th at pp. 1311-1312.)

For example, in *Torres*, the defendant was convicted of criminal threats. After the prosecutor erroneously told the trial court the upper term sentence for criminal threats was seven years, the trial court imposed a seven-year sentence. (*Torres*, *supra*,

---

[4] As in *Craig*, "our discussion though framed as an issue of double jeopardy subsumes both defendant's double jeopardy and due process claims." (*Craig*, *supra*, 66 Cal.App.4th at p. 1447.)

163 Cal.App.4th at pp. 1424, 1426.) But the trial court also struck a five-year gang enhancement (§ 186.22, subd. (b)(1)(B)) and a life-term gang enhancement (§ 186.22, subd. (b)(4)), stating it was an "unusual case" because the defendant was youthful, had never been in jail before and there was no indication of prior gang-related activity. (*Torres*, *supra*, at p. 1426.) After receiving a letter from the Department of Corrections indicating the upper term for criminal threats was three years, the court resentenced the defendant. However, in doing so, the court imposed the life-term gang enhancement it had previously dismissed, sentencing the defendant to seven years to life. (*Id*. at pp. 1427, 1428.) The appellate court held "under these circumstances," double jeopardy principles prevented the trial court from resentencing defendant to a longer sentence than originally imposed. (*Id*. at p. 1433.) The court reasoned that "the aggregate sentence of seven years imposed on defendant at the original sentencing hearing could have been lawfully achieved [at resentencing] by imposing the mid term of two years [for criminal threats] plus the consecutive [gang] enhancement term of five years; *it did not fall below the mandatory minimum sentence and was therefore not a legally unauthorized lenient sentence*. The one unauthorized component of the sentence originally imposed by the court was not lenient--it was in fact more severe than that authorized (the correct upper term for [criminal threats] being three years rather than seven)." (*Id*. at p. 1432, italics added.)

However, the *Torres* court also noted that a greater sentence will not violate double jeopardy when the trial court's original sentence "demonstrated legally unauthorized leniency that resulted in an aggregate sentence that fell below that authorized by law." (*Torres*, *supra*, 163 Cal.App.4th at p. 1432.) That is what happened here. The trial court's original sentence demonstrated legally unauthorized leniency in that it was less than the mandatory minimum sentence that would have resulted by imposing consecutive sentences for the on-bail enhancements.

Defendant argues that the trial court here could have imposed the original aggregate sentence by striking the on-bail enhancements in the interest of justice under section 1385. He notes that the *Torres* court approved of reaching a legal aggregate sentence by striking the life-term gang enhancement in that case. But defendant overlooks a key distinction. The trial court in *Torres* had struck that enhancement as part of its original sentence on the grounds of "unusual circumstances," which the appellate court equated to a section 1385 dismissal. (*Torres*, *supra*, 163 Cal.App.4th at p. 1433 & fn. 6, citing *People v. Williams* (1998) 17 Cal.4th 148, 160.) Here, the trial court did not originally find that justice required it to *dismiss* the on-bail enhancements. Indeed, by imposing concurrent sentences, the trial court implicitly declined to exercise its discretion to dismiss the enhancements, an option that was mentioned in defendant's original sentencing brief. Thus, the trial court could not reach the original aggregate sentence without finding that it was in the interest of justice to dismiss the on-bail enhancements. Nothing in *Torres* or any other case requires a trial court to dismiss enhancements under section 1385 for the purpose of imposing the original aggregate sentence if it is not in the interest of justice to do so; nor will we require that of the trial court. A dismissal under section 1385 is an exercise of discretion which includes a number of factors and which would reduce the sentence below what would otherwise be the mandatory minimum.

The process trial courts should employ in circumstances like those presented here is outlined by the California Supreme Court in *People v. Bonnetta* (2009) 46 Cal.4th 143, a case upon which this court relied in remanding this case for resentencing but which neither party discusses in this appeal. In *Bonnetta*, the trial court had dismissed various enhancements pursuant to section 1385, but had not set forth its reasons for the dismissal in the clerk's minutes as statutorily required. In remanding the instant case after the original appeal, this court quoted the following from *Bonnetta*: "[A]s the trial court's order of dismissal is ineffective, the matter must be remanded at least for the purpose of allowing the trial court to correct the defect by setting forth its

6

reasons in a written order entered upon the minutes. Alternatively, *on remand the trial court may*, *but need not*, *revisit its earlier decision*, *as on reflection it might determine its reasoning was flawed or incomplete.* Judicial economy is furthered by allowing the trial court to correct what, upon reconsideration and reflection, it perceives to have been an unwarranted dismissal, or to consider if a dismissal should be ordered for some new or different reason. In such cases, the court must also have the power to take action such as reconvening the sentencing hearing or allowing a defendant to withdraw a plea entered on the understanding a count or an enhancement would be dismissed."[5] (*Bonnetta*, *supra*, 46 Cal.4th at p. 153, italics added; *People v. Johnson*, *supra*, C064750.)

At resentencing here, the trial court permitted both parties to brief and argue whether the court should dismiss the enhancements or impose them consecutively. The court stated it had read the briefs, allowed the parties to address the matter, and then imposed the two enhancements consecutively. While defendant claims the sentence violated double jeopardy and due process principles, he does not contend the trial court abused its discretion in refusing to dismiss the enhancements under section 1385, and for good reason. No such abuse appears on the record. Defendant's early admission was not a sufficient reason to *dismiss* the on-bail enhancements. Moreover, the record before us is devoid of any circumstances in mitigation that would warrant dismissing enhancements for the commission of multiple crimes while on bail. (See *People v. Jones* (2007) 157 Cal.App.4th 1373, 1382 [trial court may dismiss an enhancement under section 1385 when there are " 'circumstances in mitigation of the additional punishment' "].) We

---

[5] Defendant's pleas and admissions to the driving under the influence charges and the on-bail enhancement allegations were not made pursuant to a plea bargain or after an indicated sentence by the trial court.

7

conclude that the imposition of a greater sentence to fix the original legally unauthorized sentence did not violate double jeopardy or due process.

## DISPOSITION

The judgment is affirmed.

                                         _____MURRAY_____, J.

We concur:

_____BUTZ_____, Acting P. J.

_____DUARTE_____, J.