Filed 10/30/14  P. v. Rowley CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>JEFFREY MARTIN ROWLEY,<br><br>    Defendant and Respondent. | 2d Crim. No. B256150<br>(Super. Ct. No. 2013037762)<br>(Ventura County) |

Jeffrey Martin Rowley pled guilty to two felony counts of second degree burglary of a vehicle (Pen. Code, §§ 459, 460, subd. (b)).[1]  He admitted having a prior strike conviction for first degree residential burglary (§§ 459, 667, subds. (a)(1) & (b)-(i), 1170.12, subds. (a)-(d)), and serving three prior prison terms (§ 667.5, subd. (b)).

The trial court granted Rowley's *Romero* (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 508 (*Romero*)) motion to dismiss the prior strike allegation for purposes of sentencing.  (§ 1385, subd. (a).)  The court orally stated that "this particular offense and the nature of the offense [do not] warrant a lengthier prison sentence than what is about . . . to be imposed."  It sentenced Rowley to the low term of 16 months on each count, to be served concurrently, plus a consecutive 12 months for

---

[1] All statutory references are to the Penal Code unless otherwise stated.

one prison prior, for a total term of 28 months.  The court struck the other two prison priors and awarded 197 days of custody/conduct credit.[2]  (§ 4019.)

The People contend the trial court improperly dismissed the prior strike conviction allegation without considering Rowley's lengthy, serious and continuous criminal history and without recording its reasons for the dismissal in the court minutes. Rowley concedes the court committed reversible error by failing to enter its reasons for dismissing the prior strike in the minutes.  We vacate the sentence and remand with instructions.

## FACTS

In 1993, the juvenile court sustained a petition against Rowley for attempted first degree burglary (§§ 664/459).  While still a juvenile, Rowley admitted to vehicle theft.  (Veh. Code, § 10851, subd. (a).)

In 2000, Rowley was convicted by plea of first degree residential burglary (§§ 459, 460, subd. (a)), the current strike prior.  Rowley had entered and ransacked a detached garage, causing a $1,000 loss, and then entered another residence through the kitchen window and stole $970 in property.  He was sentenced to a four-year prison term, plus a consecutive eight-month term for a separate conviction of petty theft with a prior (§ 666).

After being released on parole, Rowley was convicted of two felony counts of identity theft (§ 530.5, subd. (a)) for stealing and using the victim's credit card to charge approximately $780.  The trial court struck Rowley's prior strike allegation and sentenced him to two years in prison.

In 2010, Rowley was convicted of forgery (§ 470, subd. (d)).  The trial court denied his motion to dismiss the prior strike allegation and sentenced him to 32 months in prison.

---

[2] Rowley was subject to a maximum sentence in this case of 10 years 4 months, i.e., the high term for one second degree vehicle burglary (3 years) plus a consecutive term for the second vehicle burglary (8 months), doubled under the three strikes law to 7 years 4 months, plus 3 years for the three admitted prior prison terms.  (See §§ 461, subd. (b), 667, subds. (a)(1) & (b)-(i), 667.5, subd. (b), 1170.12, subds. (a)-(d).)

In addition to committing the two vehicle burglaries in this case, Rowley was charged and convicted in a separate misdemeanor case with hit and run while driving without a license. (Veh. Code, §§ 20002, subd. (a), 12500, subd. (a).) He was sentenced to 180 days, to be served concurrently with the 28-month term in this case.

DISCUSSION

Section 1385, subdivision (a) permits the trial court, in furtherance of justice, to dismiss a prior strike allegation for purposes of sentencing if the defendant falls outside the spirit of the three strikes law. (*People v. Williams* (1998) 17 Cal.4th 148, 161 (*Williams*).) When the court decides to dismiss a prior strike, it must state the reasons for that action "in an order entered upon the minutes." (§ 1385, subd. (a); *People v. Bonnetta* (2009) 46 Cal.4th 143, 145-146 (*Bonnetta*).)

Here, it is undisputed the trial court did not comply with section 1385, subdivision (a). Although the court orally stated its reasons for dismissing the prior strike, it did not enter them upon the minutes. Rowley concedes, and we agree, that pursuant to *Bonnetta,* the matter must be remanded to allow the court to correct this error. (*Bonnetta, supra,* 46 Cal.4th at p. 153.)

The requirement for a statement of reasons for dismissal is mandatory, not directory, and in the absence of such a statement, the order is not an effective dismissal under section 1385. (*Bonnetta, supra*, 46 Cal.4th at p. 152.) *Bonnetta* confirmed "that the public declaration inherent in a written order is a *purposeful* restraint, that . . . section 1385's requirements are not directory and may not be disregarded, and that a reporter's transcript showing the trial court's motivation is not enough; the *minutes* must reflect the reason." (*Id.* at p. 149; see *Romero, supra*, 13 Cal.4th at p. 531; *People v. Superior Court* (2002) 97 Cal.App.4th 530, 538-539.) The court rejected a rule "that would allow the reviewing court to uphold the trial court's order if, but only if, it finds the trial court's reasons to be clearly articulated [in a reporter's transcript], or if any and all of the reasons mentioned would justify dismissal." (*Bonnetta,* at p. 152.) It explained that "such a rule, while reducing the trial court's burden, would increase that of the appellate courts without

3

eliminating the possibility the reviewing court would misidentify the specific reason or reasons for the trial court's ruling." (*Ibid.*)

The People contend that a remand solely to correct the minutes is an inadequate remedy because the trial court's reasons for dismissing the prior strike, as reflected in the reporter's transcript, are legally insufficient. *Williams, supra,* 17 Cal.4th at page 161, required the court to "consider whether, in light of the nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [three strikes law] scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." In dismissing the strike, the court simply stated "this particular offense and the nature of the offense [do not] warrant a lengthier prison sentence." The People maintain the court erred as a matter of law by ignoring Rowley's significant criminal history, background, character and prospects in reaching its decision. (See *ibid.*)

Where, as here, the court's order of dismissal is ineffective, we must remand the matter "at least for the purpose of allowing the trial court to correct the defect by setting forth its reasons in a written order entered upon the minutes." (*Bonnetta, supra,* 46 Cal.4th at p. 153.) In other words, we lack authority to review a dismissal that has not been properly entered. (*Id.* at pp. 151-152.) On remand, the trial court "may, but need not, revisit its earlier decision, as on reflection it might determine its reasoning was flawed or incomplete." (*Id.* at p. 153.) As *Bonnetta* explained, "[j]udicial economy is furthered by allowing the trial court to correct what, upon reconsideration and reflection, it perceives to have been an unwarranted dismissal, or to consider if a dismissal should be ordered for some new or different reason." (*Ibid.*)

### DISPOSITION

The sentence is vacated and the matter is remanded for further proceedings consistent with this opinion.

NOT TO BE PUBLISHED.

4

PERREN, J.

We concur:


GILBERT, P. J.


YEGAN, J.

Ryan J. Wright, Judge

Superior Court County of Ventura

_____

Gregory D. Totten, District Attorney, Lisa O. Lyytikainen, Senior Deputy District Attorney, for Appellant.

Stephen P. Lipson, Public Defender, Michael C. McMahon, Chief Deputy, for Respondent.