Filed 6/20/23  P. v. Gallegos CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CARLOS ANTHONY GALLEGOS,<br><br>    Defendant and Appellant. | F084682<br><br>(Super. Ct. No. 14CR-00155)<br><br>**OPINION** |

-ooOoo-

## THE COURT*

APPEAL from a judgment of the Superior Court of Merced County.  Mark V. Bacciarini, Judge.

Alex Green, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Ivan P. Marrs and Jennifer M. Poe, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*        Before Detjen, Acting P. J., Snauffer, J. and DeSantos, J.

## BACKGROUND

Defendant Carlos Anthony Gallegos was convicted of second degree murder and sentenced to 15 years to life. On December 28, 2021, he filed a petition for resentencing pursuant to Penal Code[1] section 1170.95, which has since been renumbered section 1172.6. (See Stats. 2022, ch. 58, § 10.) He marked the following checkboxes:

> "1. A complaint, information, or indictment was filed against me that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine. [Citation.]

> "2. I was convicted of **murder**, **attempted murder**, or **manslaughter** following a trial or I accepted a plea offer in lieu of a trial at which I could have been convicted of murder or attempted murder. [Citation.]

> "3. I could not presently be convicted of murder or attempted murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019. [Citation.]"

The People filed responses opposing the petition. At a July 21, 2022 hearing, the trial court pronounced:

> "Okay. Court having read the arguments of counsel and read the moving papers and responding papers of counsel, as well as the arguments finds that there is not a prima facie case made, even though the Court recognizes [the] relatively, if not extremely low bar, given the facts of the case, the Court finds there is not a prima facie case made."

Thereafter, defendant filed this appeal.

## DISCUSSION

"Senate Bill No. 1437 [2017-2018 Reg. Sess.] amended the felony-murder rule and murder under the natural and probable consequences doctrine 'to ensure that murder

---

[1] Unless otherwise indicated, subsequent statutory citations refer to the Penal Code.

liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' [Citation.]" (*People v. Watson* (2021) 64 Cal.App.5th 474, 481-482, quoting Stats. 2018, ch. 1015, § 1, subd. (f); see *People v. Langi* (2022) 73 Cal.App.5th 972, 978 [Sen. Bill No. 1437 "transformed the law of accomplice liability for murder"].) "Senate Bill No. 1437 also added [former] section 1170.95, which allows a defendant convicted of felony murder to file a petition with the sentencing court to have the murder conviction vacated and to be resentenced." (*People v. Watson*, *supra*, at p. 482.) Later, the Legislature enacted Senate Bill No. 775 (2021-2022 Reg. Sess.), which "expanded the scope of [Senate Bill No. 1437's] changes to encompass, among other things, murder convictions 'under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime.' " (*People v. Langi*, *supra*, at p. 978, italics omitted, quoting former § 1170.95, subd. (a), as amended by Stats. 2021, ch. 551, § 2.) As mentioned, former section 1170.95 is now section 1172.6. (Stats. 2022, ch. 58, § 10.)

A petitioner is entitled to relief under section 1172.6 if three conditions are satisfied. First, the prosecution "proceed[ed] under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . ." (§ 1172.6, subd. (a)(1).) Second, "[t]he petitioner was convicted of murder . . . following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder . . . ." (*Id.*, subd. (a)(2).) Third, "[t]he petitioner could not presently

be convicted of murder . . . because of changes to Section 188[2] or 189[3] made effective January 1, 2019." (*Id.*, subd. (a)(3).)

"After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief." (§ 1172.6, subd. (c).) "[T]he prima facie inquiry under [section 1172.6,] subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. . . ." ' [Citation.]" (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).) "The record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Ibid.*) "[T]he court may deny a petition if the petitioner is ineligible for resentencing as a matter of law." (*People v. Flores* (2022) 76 Cal.App.5th 974, 987; see *ibid.* ["[A] petitioner convicted of murder is ineligible for resentencing if the record establishes, as a matter of law, that (1) the complaint, information, or indictment did not allow the prosecution to proceed under a theory of felony murder, murder under the natural and probable causes doctrine, or another theory of imputed malice; (2) the petitioner was not convicted under such theory; or (3) the

---

**2** "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3), as amended by Stats. 2018, ch. 1015, § 2.)

**3** "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 3.)

petitioner could presently be convicted of murder or attempted murder under the law as amended by Senate Bill No. 1437 (2017-2018 Reg. Sess.).”].)  “[A]t the prima facie stage, the court is prohibited from engaging in ‘ “factfinding involving the weighing of evidence or the exercise of discretion.” ’ ”  (*Id.* at p. 991, quoting *Lewis*, *supra*, at p. 972.)  “Only where the record of conviction contains facts conclusively refuting the allegations in the petition may the court make credibility determinations adverse to the petitioner.”  (*People v. Flores*, *supra*, at p. 991, italics omitted, citing *Lewis*, *supra*, at p. 971.)  “If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause.  If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so.”  (§ 1172.6, subd. (c).)

On appeal, defendant contends “the trial court’s finding must be reversed because it failed to make a sufficient statement of reason for the denial of the petition.”  (Boldface & capitalization omitted.)  The Attorney General “concedes that the trial court did not provide a statement fully setting forth its reasons for denying the petition”[4] but maintains defendant “is not entitled to relief because he was not prejudiced by the error.”  The Attorney General cites *Lewis*, *supra*, 11 Cal.5th at page 974 for the proposition defendant “must ‘demonstrate there is a reasonable probability that in the absence of the error he . . . would have obtained a more favorable result.’ ”

In *Lewis*, the defendant “filed a petition complying with [former] section 1170.95 in the sentencing court, wherein he requested counsel.”  (*Lewis*, *supra*, 11 Cal.5th at p. 960.)  The trial court “summarily denied the petition by minute order” “without appointing counsel.”  (*Ibid.*)  Division One of the Second Appellate District affirmed the denial, rejecting the defendant’s claim “the trial court erred by not appointing counsel

---

[4] Since the Attorney General does not assert forfeiture, we need not address defendant’s arguments thereto.

. . . ." (*Ibid*.) On review, the Supreme Court concluded "the statutory language and legislative intent of [former] section 1170.95 make clear that petitioners are entitled to the appointment of counsel upon the filing of a facially sufficient petition . . . ." (*Id.* at p. 957; see *id.* at pp. 961-970.)[5] However, the high court held the trial court's failure to appoint counsel, which constituted error under state statutory law, was subject to review for harmless error. (*Lewis*, at pp. 972-973; see *id.* at p. 974 ["[A] petitioner 'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing." ' "].) The judgment was reversed and the cause was remanded to the appellate court for an evaluation of prejudice. (*Id.* at p. 975.)

On the other hand, defendant argues "the judgment should be reversed and remanded to the trial court with directions 'to either set forth its reasons for [denying the petition] on the record, or to reconsider its decision and take appropriate action, including, if necessary, proceeding as if the [denial] order had not been entered in the first instance.' " He cites *People v. Bonnetta* (2009) 46 Cal.4th 143, 153 (*Bonnetta*) as supporting authority.

In *Bonnetta*, the defendants (Bonnetta and Wilen) were jointly charged with various drug-related offenses. (*Bonnetta*, *supra*, 46 Cal.4th at p. 147.) The information also included numerous drug-related enhancements. (*Ibid.*) Bonnetta and Wilen faced

---

[5] At the time *Lewis* was decided, former section 1170.95, subdivision (c) read in part: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner." (Stats. 2018, ch. 1015, § 4, subd. (c).) Later, Senate Bill No. 775 (2021-2022 Reg. Sess.) amended former section 1170.95 to codify *Lewis*'s holding regarding petitioners' right to counsel. (Stats. 2021, ch. 551, § 1, subd. (b).) Thereafter, "the Legislature then renumbered former section 1170.95 to section 1172.6 without any further substantive change." (*People v. Delgadillo* (2022) 14 Cal.5th 216, 223, fn. 3.)

maximum prison sentences of 29 years and 22 years, respectively.  (*Id.* at p. 148.)  The trial court "indicated that if each defendant would enter a plea of guilty to all charges and admit all the enhancements, it would sentence Bonnetta to no more than eight years' imprisonment and Wilen to no more than six years eight months' imprisonment."  (*Ibid.*)  The defendants consequently pled as such.  (*Ibid.*)  Exercising the discretion conferred upon it by section 1385, former subdivision (a)[6] (see *Bonnetta*, *supra*, at p. 145), the court "reached the agreed-upon terms by striking most of the enhancements" (*id.* at p. 148).  Section 1385, former subdivision (a) further provided:  "The reasons for the dismissal must be set forth in an order entered upon the minutes."  (Stats. 2000, ch. 689, § 3; see *Bonnetta*, *supra*, at p. 146.)  "The court's decision was reduced to an order entered upon the minutes, but the written order did not set forth any of the court's reasons for striking the enhancements."  (*Bonnetta*, *supra*, at p. 148.)[7]

On appeal, the People "contend[ed] the trial court had abused its discretion by striking the enhancements and that the orders were ineffective because the court had not set forth its reasons for the dismissals in an order entered upon the minutes."  (*Bonnetta*, *supra*, 46 Cal.4th at p. 148.)  Division Two of the First Appellate District agreed with the People and "reversed the orders striking the additional terms of imprisonment required or authorized by the enhancement allegations" (*ibid.*) but "urged the adoption of a new rule

---

[6] At the time *Bonnetta* was decided, section 1385, subdivision (a) read in part:  "The judge or magistrate may, . . . of his or her own motion . . . , and in furtherance of justice, order an action to be dismissed."  (Stats. 2000, ch. 689, § 3.)  The words "of his or her own motion" were later replaced with "on motion of the court."  (Stats. 2021, ch. 721, § 1.)

[7] Section 1385, subdivision (a) now provides in relevant part:  "The reasons for the dismissal shall be stated orally on the record.  The court shall also set forth the reasons in an order entered upon the minutes if requested by either party or in any case in which the proceedings are not being recorded electronically or reported by a court reporter."  (See Stats. 2014, ch. 137, § 1; *People v. Jones* (2016) 246 Cal.App.4th 92, 95 [state Legislature "eliminated" requirement for "written reasons in the minutes"].)

allowing a reviewing court to examine the transcripts of the oral proceedings for a trial court's reasons for its decision to dismiss, so that a court's failure to comply with the letter of . . . section 1385 might be deemed harmless error under article VI, section 13 of the California Constitution" (*id.* at p. 150).

On review, the Supreme Court relied on "[a] century of judicial decision" (*Bonnetta*, *supra*, 46 Cal.4th at p. 146) to deem the terms of section 1385, former subdivision (a) " 'mandatory,' so that an order of dismissal is ineffective in the absence of a written statement of reasons entered upon the minutes" (*ibid.*). In rejecting the appellate court's exhortation to subject such noncompliance to the harmless error standard, the high court emphasized " '[t]he underlying purpose of [section 1385's statement-of-reasons] requirement is "to protect the public interest against improper or corrupt . . . dismissals" and to impose a purposeful restraint upon the exercise of judicial power . . . .' [Citation.]" (*Id.* at p. 150; see *id.* at p. 152 ["[T]he failure to set forth the reasons for a dismissal in an order entered upon the minutes is not a routine defect in sentencing. It is a violation of a mandatory requirement put in place to benefit the public by assuring that a court through neglect or abuse of discretion has not misused the 'great power' of dismissal."].) In other words, "the harm was not that some injustice had taken place in the action under review, but that the practice [of failing to state reasons] could lead to abuse." (*Id.* at p. 150; see *id.* at p. 156 (dis. opn. of Kennard, J.) [Supreme Court precedent established failure to comply with former § 1385 constituted "invariably reversible error"].) Furthermore, " 'if the appellate court is free to scour the record for . . . reasons to support the dismissal, . . . there was no reason for the Legislature to require that the lower court record the basis for the dismissal in the first instance.' [Citation.]" (*Bonnetta*, at pp. 151-152.)

Neither *Lewis* nor *Bonnetta* is directly on point. However, while *Bonnetta* involved a different statutory scheme, the issue therein (as in the instant case) pertained

8.

to a court's failure to set forth the rationale for its ruling in the manner prescribed by the relevant law.  Therefore, we find *Bonnetta* more persuasive.

Here, the court concluded defendant did not make a prima facie showing for relief under section 1172.6 but provided a scant pronouncement that did not "*fully set[] forth its reasons*" for the determination.  (§ 1172.6, subd. (c), italics added.)  Section 1172.6, subdivision (c) clearly and unequivocally mandates a detailed statement.  (See *People v. Snook* (1997) 16 Cal.4th 1210, 1215 ["When looking to the words of the statute, a court gives the language its usual, ordinary meaning."]; *ibid.* ["If there is no ambiguity in the language, we presume the Legislature meant what it said and the plain meaning of the statute governs."]; *In re J.N.* (2006) 138 Cal.App.4th 450, 457, fn. 4 ["Absent any indicia of a contrary legislative intent, the word 'shall' is ordinarily construed as mandatory, whereas 'may' is ordinarily construed as permissive."].)  The parties agree the trial court's statement was inadequate.  (See *People v. Martin* (1986) 42 Cal.3d 437, 449-450 ["[A] requirement of articulated reasons to support a given decision serves a number of interests:  it is frequently essential to meaningful review; it acts as an inherent guard against careless decisions, insuring that the judge himself analyzes the problem and recognizes the grounds for his decision; and it aids in preserving public confidence in the decision-making process by helping to persuade the parties and the public that the decision-making is careful, reasoned and equitable."].)  In view of *Bonnetta*, we need not subject the court's violation of section 1172.6, subdivision (c) to the harmless error standard.  Reversal is warranted.[8]

---

[8] On February 17, 2023, respondent filed a "**MOTION TO INCORPORATE BY REFERENCE THE RECORD IN RELATED APPEAL**."  We construed this motion as a request for judicial notice and deferred a ruling pending consideration of the appeal on its merits.  Having now done so, we deny the request.

## DISPOSITION

The July 21, 2022 order denying defendant's petition for resentencing is reversed. The matter is remanded to the trial court "for the purpose of allowing the trial court to correct the defect" (*Bonetta*, *supra*, 46 Cal.4th at p. 153) by providing a statement fully setting forth its reasons for declining to make an order to show cause. "Alternatively, on remand the trial court may, but need not, revisit its earlier decision . . . . Judicial economy is furthered by allowing the trial court to correct what, upon reconsideration and reflection, it perceives to have been an unwarranted [denial] . . . ." (*Ibid.*)