Filed 6/17/21
See Concurring Opinion

**CERTIFIED FOR PUBLICATION**


**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**


| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | E074162 |
| v. | (Super.Ct.No. FSB1300161) |
| JAMES AMBROSIA WILLIAMS, | OPINION |
| Defendant and Respondent. | |


APPEAL from the Superior Court of San Bernardino County. Lorenzo R. Balderrama, Judge. Vacated and remanded with directions.

Jason Anderson, District Attorney, and Ronald D. Webster, Deputy District Attorney, for Plaintiff and Appellant.

Thomas Owen, under appointment by the Court of Appeal, for Defendant and Respondent.


1

In this case, we decide that before a trial court exercises its discretion pursuant to section 1170 of the Penal Code[1] to recall a sentence and enter a reduced term, it must: (i) give the parties notice and an opportunity to be heard in accordance with the procedural guidelines we suggest; and (ii) set forth the reasons for its choice of sentence.

## BACKGROUND

In 2013, a jury found defendant and respondent James Ambrosia Williams guilty of child abuse and that he had personally inflicted great bodily injury on the child, who was under the age of five. (§§ 273a, subd. (a), 12022.7, subd. (d).) The trial court found defendant had a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), a prior serious felony conviction (§ 667, subd. (a)(1)), and two prior prison terms (§ 667.5, subd. (b)). It imposed an aggregate term of 22 years in state prison, including a five-year enhancement for the prior serious felony conviction. Defendant appealed to this court, and we affirmed. (*People v. Williams* (Oct. 17, 2014, E060134) [nonpub. opn.].)

At the time defendant was sentenced, section 1385 generally authorized judges and magistrates to order an action dismissed in the interests of justice on their own motion or upon the application of the prosecuting attorney but specifically barred them from striking any prior serious felony conviction in connection with imposition of a five-year enhancement. (Former § 1385.) Four years after defendant was sentenced, Senate Bill No. 1393 (Reg. Sess. 2017-2018) amended the statute to delete the prohibition. (§ 1385; Stats. 2018, ch. 1013, § 2, eff. Jan. 1, 2019.)

---

[1] All statutory references hereafter are to the Penal Code unless otherwise indicated.

On September 12, 2019, the Secretary of the Department of Corrections and Rehabilitation (CDCR) sent a letter to the judge who had sentenced defendant in November 2013. The missive notified the judge of its recommendation made pursuant to section 1170, subdivision (d), to recall defendant's sentence and resentence him "[i]n light of the court's newfound authority to not impose a consecutive enhancement pursuant to section 667, subdivision (a)(1) (authority which did not exist at the time of [defendant's] sentencing) . . . ." Several documents were enclosed with the letter, including a copy of the information, sentencing minute order, the agency's "Frequently Asked Questions" handout, and defendant's inmate assignment history and rules violation report.

A copy of the letter and its enclosures were sent to the San Bernardino County District Attorney and the Public Defender.

In an unreported minute order dated September 30, 2019, and without the parties present, the sentencing judge recalled defendant's sentence and struck the five-year punishment for the section 667 serious felony enhancement. The rest of defendant's sentence remained unchanged. The People appealed.

## DISCUSSION

On appeal, the People argue the sentencing court abused its discretion in three respects when it resentenced defendant: it did not give them notice or an opportunity to present evidence or to notify the victim of the resentencing; the hearing did not occur on the record; and the statement in the minute order of the reasons for the sentence reduction is inadequate. We agree.

3

*The need for notice and the opportunity for a hearing*

As a general rule of common law, the sentencing court loses jurisdiction to vacate or modify the judgment in a criminal case after the defendant has started to serve the sentence. (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 455 (*Dix*).) Exceptions to that rule are found in section 1170, which governs determinate sentencing for persons convicted of public offenses and provides for recall and resentencing of defendants convicted pursuant to its provisions who have been committed to the custody of CDCR. (§ 1170, subds. (a), (d), (e).)

In relevant part, subdivision (d)(1) of section 1170 authorizes but does not require the trial court to recall and resentence defendants at any time after their commitment upon receipt of a recommendation for that action submitted by CDCR. If the court exercises its direction to recall a sentence, it may "resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence." (§ 1170, subd. (d)(1).) The subdivision states its purpose is to " 'eliminate disparity of sentences and to promote uniformity of sentencing,' " but our courts have long held the provision permits recall and resentencing for "any otherwise lawful reason." (*Dix*, *supra*, 53 Cal.3d at pp. 454, 459.)

It is axiomatic that due process requires the sentencing court to give the parties formal notice of CDCR's recommendation and the opportunity to be heard if the court is considering resentencing defendant. (*People v. McCallum* (2020) 55 Cal.App.5th 202, 215-216 (*McCallum*), citing *Dix*, *supra*, 53 Cal.3d at p. 463.) The difficulty is that unlike the subdivisions of section 1170 authorizing recall and resentencing of defendants who

4

were under the age of 18 when sentenced and of inmates who are terminally ill with an incurable condition (§ 1170, subds. (d)(2), (e)), subdivision (d)(1) does not set forth procedures to provide notice of the recommendation to the parties or to request a hearing. Instead, it appears in some cases CDCR provided notice to the prosecutor and defense counsel by sending a courtesy copy of the recommendation, and counsel then requested a hearing. (E.g., *McCallum*, at p. 209; *People v. Federico* (2020) 50 Cal.App.5th 318, 322, review granted Aug. 26, 2020, S263082 (*Federico*).)

Reliance on CDCR to provide copies to the parties falls short of ensuring the parties' rights to notice and the opportunity to be heard are protected. The CDCR missive does not, of course, advise the parties whether and in what manner the court will respond to the agency's recommendation. Nor can CDCR properly be relied upon to provide notice to counsel because the Code of Regulations requires it to send the recommendation only to the sentencing court with a copy provided to the inmate. (Cal. Code Regs., tit. 15, § 3076.1, subd. (e)(2).) Moreover, if CDCR's missive to the sentencing court shows copies were provided to the prosecutor and defense counsel, and neither one notified the court of any objection to CDCR's proposed change in the sentence, the court might simply adopt the recommendation, which appears to be what occurred here.

Instructive guidance for procedures to be employed upon receipt of a CDCR recommendation made pursuant to section 1170, subdivision (d)(1), is provided in section 28:8 of the Rutter Group's Sentencing California Crimes. (Couzens et al., Sentencing Cal. Crimes (The Rutter Group 2020) § 28:8 (Couzens).) There, Couzens points out that

5

CDCR uses subdivision (d)(1) recommendations not only to bring to the trial court's attention sentences in need of correction (e.g., unauthorized sentences) but also to invite the court to recall sentences based upon equitable considerations (e.g., extending the benefit of an ameliorative change in the law to a defendant whose judgment is final).). (Couzens, *supra*, at pp. 28-16 to 28-19.) We are concerned here with the latter type of recommendation.

A defendant is not entitled to a hearing on the issue whether the court should consider recalling his or her sentence in response to an equity-based CDCR recommendation. (*McCallum*, *supra*, 55 Cal.App.5th at pp. 211-214.) But, if the court is inclined to recall a defendant's sentence for equitable reasons, it should prepare and serve on counsel for the parties its tentative response to the recommendation along with copies of all correspondence with CDCR. (Couzens, *supra*, at pp. 28-20 to 28-21.) The tentative ruling should state with particularity the reasons for its sentence choice and provide counsel a window of time within which to object and request a hearing. (§ 1170, subd. (c); Couzens, at pp. 28-20 to 28-21.) If defendant is not represented by counsel, the court should appoint (or reappoint) the public defender. (*McCallum*, at pp. 215-216; see Couzens, at pp. 28-21 to 28-22.)

If no objection is received, the court should enter a minute order in accordance with its tentative ruling. (Couzens, at p. 28-21.) If a party requests a hearing, an initial appearance to attempt an informal resolution is recommended. (Couzens, et al.,

6

Sentencing Cal. Crimes, *supra*, at pp. 28-21 to 28-22.) If an agreement is not reached, then the court must conduct a formal sentencing hearing. (*Ibid.*)[2]

Here, there is nothing in the record to suggest the court gave the parties any indication of its intention to adopt CDCR's recommendation or an opportunity to be heard. Although we recognize the lack of procedural guidance in subdivision (d)(1) of section 1170, we find the court was required to prepare a tentative order for service on the parties indicating its intent to recall the sentence and its proposed disposition and to provide a reasonable deadline for receipt of any objection.

*The statement of reasons requirement*

The People also argue the reason given by the sentencing court for its decision to strike the punishment for the serious felony enhancement is inadequate. We agree.

Whenever the court exercises its discretion to make a sentencing choice, it must state on the record the reasons for its decision. (§§ 1170, subd. (c), 1385, subd. (a); Cal. Rules of Court, rule 4.406(a); *People v. Bonnetta* (2009) 46 Cal.4th 143, 152-153; *People v. Gulbrandsen* (1989) 209 Cal.App.3d 1547, 1552.) Subdivision (d)(1) of section 1170 suggests consideration of postconviction factors such as the defendant's record of

---

[2] The concurring opinion posits we should simply declare the trial court erred and remand for a resentencing hearing. That approach fails to provide guidance for a trial court when it does not wish to enter a summary denial of a section 1170, subdivision (d)(1) CDCR recall recommendation based on equitable considerations, guidance that could readily have prevented the error that occurred here. The concurrence also expresses concern because the parties did not propose or brief the procedures set forth herein. We note the People and defendant were apprised of the procedures in our tentative opinion and were given the opportunity to address them fully when they appeared for oral argument at our request.

7

discipline and rehabilitation while incarcerated, whether the defendant's risk for future violence has been reduced due to age, time served, or diminished physical condition, or any evidence that circumstances have changed since the original sentencing such that defendant's continued incarceration is no longer in the interest of justice. If, as here, the court is striking the additional punishment imposed for an enhancement pursuant to subdivision (b)(1) of section 1385, the court is to state its reasons for the dismissal orally on the record unless the proceedings are not being recorded electronically or reported by a court reporter. (§ 1385, subd. (a).) In that event, the reasons must be entered in the minutes. (*Ibid.*)

The purpose of the section 1385 statement requirement is (i) to promote judicial accountability to protect the public interest in not allowing improper or corrupt dismissals (*People v. Orin* (1975) 13 Cal.3d 937, 944) and (ii) to facilitate appellate review (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 531). Compliance with the requirement is mandatory, and an order made pursuant to section 1385 without a statement of reasons for exercise of the court's discretion is ineffective. (*Romero*, at pp. 531-532.)

In the minute order entered here, the court set forth the authority it relied upon for its decision but did not articulate a factual basis for exercising its discretion to strike the punishment for the prior serious felony enhancement. The order simply states:

"Court will recall previous sentence and resentence defendant as described under PC1170(D) this court will strike the punishment of 5 years state prison for the serious felony prior enhancement of PC667(a)(1) at the court's discretion pursuant to PC1385.

8

The rest of the defendant's sentence remains the same for a total of 17 years.  Credits not addressed.  [¶ ]  State Prison amended – Reason: Determinate Sentencing/1170 PC."

For the reasons set forth *ante*, we will vacate the order modifying defendant's sentence and remand the matter for further proceedings.  In that connection, the sentencing court should consider the issue now pending in the Supreme Court in *Federico*, *supra*, 50 Cal.App.5th 318, review granted August 26, 2020, S263082 and *People v. Padilla* (2020) 50 Cal.App.5th 244, review granted August 26, 2020, S263375, that is:  "When a judgment becomes final, but is later vacated, altered, or amended and a new sentence imposed, is the case no longer final for the purpose of applying an intervening ameliorative change in the law?"

## DISPOSITION

The sentence is vacated.  The matter is remanded for proceedings consistent with the views we have expressed herein.

CERTIFIED FOR PUBLICATION

RAMIREZ
<u> </u>
P. J.

I concur:

McKINSTER
<u> </u>
J.

9

[*People v. James Ambrosia Williams*, E074162]

MENETREZ, J., Concurring.

The trial court resentenced James Ambrosia Williams pursuant to subdivision (d)(1) of Penal Code section 1170 (unlabeled statutory citations are to this code) without holding a hearing. That is prohibited by case law, statute, and rule. (*People v. McCallum* (2020) 55 Cal.App.5th 202, 215-216 & fn. 12 (*McCallum*); *Dix* v. *Superior Court* (1991) 53 Cal.3d 442, 456 (*Dix*); § 1170, subd. (d)(1) [authorizing the court to "resentence the defendant in the same manner as if they had not previously been sentenced," and requiring the court to "apply the sentencing rules of the Judicial Council"]; Cal. Rules of Court, rule 4.433(a) ["In every case, at the time set for sentencing under section 1191, the sentencing judge must hold a hearing"].) I also agree with the People that the trial court erred by failing to state its reasons for striking Williams's serious felony enhancement. (§ 1385, subd. (a); Cal. Rules of Court, rule 4.406.)

We therefore must vacate Williams's sentence and remand for a hearing, at which the trial court must state its reasons if it strikes the enhancement. That is sufficient to dispose of this appeal. The existing legal requirements to hold a hearing and state reasons give the trial court all the guidance it needs on remand.

I do not agree with the majority opinion's imposition of an array of procedural requirements on the trial courts. No party has proposed or briefed those requirements, which go beyond the recommendations of the treatise on which the majority opinion exclusively relies. (Maj. opn., *ante*, at pp. 5-7.) However sensible the treatise's

1

recommendations and the majority opinion's additional procedures may be, I am reluctant to saddle the trial courts with a system of mandatory procedures that are unnecessary to resolution of this appeal and that no party has proposed or briefed. Oral argument is no substitute. (Cf. maj. opn., *ante*, at p. 7, fn. 2.)

      For all of these reasons, I concur in the judgment only.


                                        MENETREZ_____

                                                   J.