[No. B091707. Second Dist., Div. Five. Dec. 15, 1997.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
RANDALL EUGENE PIPKIN, Real Party in Interest.

[No. B092243. Second Dist., Div. Five. Dec. 15, 1997.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
FRANK RODRIGUEZ, Real Party in Interest.

COUNSEL

Gil Garcetti, District Attorney, George M. Palmer, Acting Head Deputy District Attorney, and Brentford J. Ferreira, Deputy District Attorney, for Petitioner.

No appearance for Respondent.

Michael P. Judge, Public Defender, Albert J. Menaster, Tracy A. Mooney and Alex Ricciardulli, Deputy Public Defenders, for Real Parties in Interest.

OPINION

TURNER, P. J.—

## I. INTRODUCTION

The People of the State of California have filed petitions for writs of mandate seeking to set aside orders striking prior serious felony conviction findings pursuant to Penal Code section 667, subdivisions (c) through (i) and 1170.12.[1] We initially issued our peremptory writ of mandate directing that the respondent courts set aside their orders striking the prior serious felony conviction findings and placing defendants, Randall Eugene Pipkin and Frank Rodriguez also known as Frank Mendoza, on probation. (*People v. Superior Court (Pipkin)* (Cal.App.) review granted Nov. 22, 1995 (S049470).) The California Supreme Court granted review on November 22, 1995. On October 1, 1997, the California Supreme Court remanded these consolidated cases with directions that we vacate our decision and reconsider the issues in light of *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 508-532 [53 Cal.Rptr.2d 789, 917 P.2d 628]. Upon reconsideration, we conclude the orders striking the prior serious felony conviction findings must be set aside. The respondent courts are directed to set forth in writing their reasons for striking the prior serious felony conviction findings as required by section 1385, subdivision (a) as construed in *People v. Superior Court (Romero)*, *supra*, 13 Cal.3d at pages 530-531.

## II. PROCEDURAL BACKGROUND

### A. *Mr. Rodriguez's plea and grant of probation*

Mr. Rodriguez was charged in count 1 of the amended information with possession of cocaine in violation of Health and Safety Code section 11350.

---

[1] All future statutory references are to the Penal Code.

In count 2, he was charged with being under the influence of cocaine, a misdemeanor, in violation of Health and Safety Code section 11550. It was further alleged as to the felony charge that he had previously been convicted of robbery in violation of section 211. According to the probation report, Mr. Rodriguez was riding in a car with his wife, Maria Rodriguez. Mr. Rodriguez was a parolee and his wife was driving the automobile. When it was stopped by the police, Mr. Rodriguez was asked his name. Mr. Rodriguez lied and said his name was Frank Mendoza.[2] Also, defendant lied and said his wife was his girlfriend. Mr. Rodriguez was under the influence of cocaine, which would constitute a violation of his parole. He reached for his wife's purse. When asked why he was reaching for the purse, Mr. Rodriguez told the officer he "did not want to get his girlfriend" into trouble. Mr. Rodriguez admitted he put cocaine in her purse. Inside the purse, the officer found "cocaine residue (.08 gram) rolled up in a $20 bill."

Mr. Rodriguez used four aliases. He was placed in camp as a juvenile for "joyriding." On April 21, 1987, as an adult, Mr. Rodriguez was placed on 24 months' misdemeanor probation for a violation of Vehicle Code section 10851. On July 25, 1988, he was convicted of providing false identification to a police officer (§ 148.9) and was placed on probation. On January 6, 1988, Mr. Rodriguez was convicted of his first felony, a violation of Vehicle Code section 10851. He was placed on three years' felony probation. While on felony probation, he was convicted of a robbery arising out of a carjacking. He was sentenced to prison for the robbery. As a result of the robbery conviction, his probation resulting from his prior conviction on the unlawful driving of an automobile (Veh. Code, § 10851) was revoked and he was sentenced to prison. On August 19, 1990, Mr. Rodriguez was paroled. While on parole, he was arrested for robbery, being an accessory (§ 32), and once again providing false identification to a police officer. All charges were dismissed although his parole was revoked and he was returned to prison. On September 19, 1992, Mr. Rodriguez was paroled a second time. On July 26, 1994, Mr. Rodriguez was arrested in connection with the present case. He once again was found to be in violation of parole and received an eight-month term in custody.

Mr. Rodriguez worked two to three days per week for his father doing "gardening work" and was paid "under the table," viz., in violation of state and federal tax laws. Mr. Rodriguez said he worked for a pool contractor. However, the telephone number for the pool contractor was disconnected and Mr. Rodriguez's employment in this regard could not be verified. His employment stability was described as uncertain by the probation officer.

---

[2]The People's petition refers to Mr. Rodriguez under the name of Frank Mendoza. This was the name used by Mr. Rodriguez when he lied to the police concerning his identity.

Prior to his arrest and after he was paroled the second time on September 19, 1992, his parole officer indicated, "But 'by all appearances it seems like [Mr. Rodriguez] was making an earnest attempt to be a responsible citizen.' "

Prior to trial, the respondent court indicated it would strike the prior felony conviction if defendant would plead guilty. The respondent court stated: I've indicated . . . that if you plead guilty and admit the priors that I will strike the serious felony prior. [¶] I will do so for a number of reasons: first of all, this does appear to be your first drug conviction; secondly, it appears that you've been productive. You're working long hours every week; you just finished your parole. Your parole officer apparently thought you were doing well; you've been testing clean for the last nine months of your parole; also, that the serious felony conviction is close to four years old. Apparently you got out of prison about two and a half years ago; and that the quantity of drugs here was small; and lastly, that you quickly admitted that the drugs were yours and did not allow another person to become—to get into trouble for those drugs. For those reasons I will strike the prior." The prosecutor immediately objected to the trial court's proposed disposition and cited the Court of Appeal decision of *People* v. *Superior Court (Romero)*▌ (Cal.App.). After further discussion the deputy district attorney argued: "I would remind the court this gentleman does have a fairly lengthy record starting in 1987. He has a lot of theft offenses. He's been to prison on two occasions, once in 1987, and once in 1989 for robbery. He has recently been paroled and completed his parole, but has continued to engage in criminal conduct. I think this is the type of person the three-strikes law was made to affect, a habitual criminal, a repeat offender who has now reached the level of a second strike. [¶] The People and the state have only sought to double the punishment against him. This is not a 25-to-life as is a third strike. It's only a second strike. [¶] The People had offered him the minimum required under the second strike, which is—it's a 32-months second strike sentence. We do object strenuously to the court striking a strike, and I wanted to place it on the record." The respondent court then indicated: "Your arguments are noted. However, as to *Romero*, I think—I simply think that case is poorly rendered, and I do think I have authority under Proposition 184 to strike this prior; so I will do so, as I've indicated." Mr. Rodriguez then was advised of his constitutional rights and was advised he would be placed on probation. Mr. Rodriguez entered a no contest plea and admitted that he previously had been convicted of the serious felony as well as had served a prior prison term. After securing the approval and concurrence of defense counsel, the respondent court stated: "The court finds the defendant has knowingly and intelligently waived his rights, has freely and voluntarily changed his plea to

guilty to counts 1 and 2, and has admitted the prior as alleged. [¶] Accordingly, the court accepts the defendant's plea and judges him guilty and finds the prior to be true." After the plea and the admissions were entered, the respondent court then struck the prior serious felony conviction and placed Mr. Rodriguez on probation.

### B. *Mr. Pipkin's plea and grant of probation*

Mr. Pipkin was charged in count 1 of the information with possession of a firearm by a felon in violation of section 12021, subdivision (a)(1). In count 2, he was charged with corporal injury on a spouse in violation of section 273.5, subdivision (a). Also, it was alleged that Mr. Pipkin had previously been convicted of grand theft from the person in violation of section 487, subdivision (c) and robbery in violation of section 211. According to the probation report, Mr. Pipkin struck his "live-in girlfriend" in the face. Mr. Pipkin was arrested while walking away from his residence. According to the preliminary hearing transcript, in his shirt pocket was a loaded .25-caliber pistol with the safety off and a round in the chamber. The weapon was "ready to fire." On March 3, 1982, Mr. Pipkin had been sentenced to prison for robbery. On March 5, 1982, Mr. Pipkin had been sentenced to prison for grand theft from the person. (§ 487.) Later, Mr. Pipkin was paroled but was returned to prison on a parole violation on December 14, 1984. On March 23, 1985, he was once again paroled. On March 18, 1981, Mr. Pipkin was convicted of misdemeanor battery (§ 242) and placed on two years' probation. The probation officer in the present case recommended probation be granted despite Mr. Pipkin's "tendency towards violence."

After he was tried, the jury was unable to reach a verdict, although 10 of the 12 jurors voted to return guilty verdicts. After the mistrial on February 1, 1995, at an in-chambers conference, defense counsel requested that the respondent court strike the serious prior felony conviction allegation. The deputy district attorney objected indicating that the respondent court "did not have the authority to strike the prior." While in chambers, the respondent court indicated it would "strike the prior."

Proceedings were then held in open court. After pleading no contest to a single count of felon in possession of a firearm, the following transpired: "[Deputy district attorney]: Sir, it's further alleged as to both these counts that you suffered a prior conviction for robbery, in case number A900279, a serious felony, on March 3rd, 1982 in—pursuant to 667 (B) through (I). [¶] Do you admit that allegation, sir?" [¶] Defendant Pipkin: No contest." Immediately thereafter, the respondent court found the prior conviction

allegation was true. The respondent court then struck the prior conviction "in the interest of justice." Mr. Pipkin was then placed on probation over the prosecutor's objection.

### III.  Discussion[3]

■ As to both defendants, the respondent courts failed to state their reasons in the minutes as required by section 1385, subdivision (a) which provides: "The judge or magistrate may, either of his or her own motion or upon the application of the prosecuting attorney, and in the furtherance of justice, order an action be dismissed. The reasons for the dismissal must be set forth in an order entered upon the minutes." This requirement is mandatory and applicable to a trial judge's determination to strike a prior serious felony conviction.

■ In *People* v. *Superior Court* (*Romero*), *supra*, 13 Cal.4th at pages 530-531, the Supreme Court described the proper manner in which a serious prior felony conviction could be stricken as follows: "To guide the lower courts in the exercise of their discretion under section 1385(a), whether acting on their own motion or on motion of the prosecuting attorney, we emphasize the following: A court's discretion to strike prior felony conviction allegations in furtherance of justice is limited. Its exercise must proceed in strict compliance with section 1385(a), and is subject to review for abuse. We reviewed the applicable principles in *People* v. *Orin* [(1975)] 13 Cal.3d 937 [120 Cal.Rptr. 65, 533 P.2d 193]. [¶] 'The trial court's power to dismiss an action under section 1385, while broad, is by no means absolute. Rather, it is limited by the amorphous concept which requires that the dismissal be "in furtherance of justice." As the Legislature has provided no statutory definition of this expression, appellate courts have been faced with the task of establishing the boundaries of the judicial power conferred by the statute as cases have arisen challenging its exercise. Thus, in measuring the propriety of the court's action in the instant case, we are guided by a large body of

---

[3]The prosecution raises various arguments as to why the respondent courts did not have the power to strike the prior serious felony convictions. Virtually all of those contentions have been resolved by the decision of the California Supreme Court in *People* v. *Superior Court* (*Romero*), *supra*, 13 Cal.4th at pages 508-532. The only issue raised by the prosecution not resolved by *Romero* or our disposition is the contention that the respondent courts engaged in improper plea bargaining in violation of sections 667, subdivision (f)(2), 1170.12, subdivision (e), and 1192.7. As to this unlawful plea bargaining contention, it has been waived. Neither deputy district attorney objected at anytime in the respondent courts based on a violation of the aforementioned plea bargaining prohibitions. Hence, the prosecution has waived the contention that there was improper plea bargaining. (*People* v. *Scott* (1994) 9 Cal.4th 331, 351 [36 Cal.Rptr.2d 627, 885 P.2d 1040]; *People* v. *Rodrigues* (1994) 8 Cal.4th 1060, 1116, fn. 20 [36 Cal.Rptr.2d 235, 885 P.2d 1]; *People* v. *Smith* (1983) 34 Cal.3d 251, 271 [193 Cal.Rptr. 692, 667 P.2d 149].)

useful precedent which gives form to the above concept. [¶] 'From the case law, several general principles emerge. Paramount among them is the rule "that the language of [section 1385], 'furtherance of justice,' requires consideration both of the constitutional rights of the defendant, and the *interests of society represented by the People,* in determining whether there should be a dismissal. [Citations.]" [Citations.] At the very least, the reason for dismissal must be "that which would motivate a reasonable judge." [Citations.].' (*People* v. *Orin, supra,* 13 Cal.3d at p. 945.) 'Courts have recognized that society, represented by the People, has a legitimate interest in "the fair prosecution of crimes properly alleged." [Citation.] " '[A] dismissal which arbitrarily cuts those rights without a showing of detriment to the defendant is an abuse of discretion.' [Citations.]" ' (*Id.* at p. 947.) [¶] From these general principles it follows that a court abuses its discretion if it dismisses a case, or strikes a sentencing allegation, solely 'to accommodate judicial convenience or because of court congestion.' (*People* v. *Kessel* (1976) 61 Cal.App.3d 322, 326. . . .) A court also abuses its discretion by dismissing a case, or a sentencing allegation, simply because a defendant pleads guilty. (*People* v. *Orin, supra,* 13 Cal.3d at p. 949.) Nor would a court act properly if 'guided solely by a personal antipathy for the effect that the three strikes law would have on [a] defendant,' while ignoring 'defendant's background,' 'the nature of his present offenses,' and other 'individualized considerations.' (*People* v. *Dent* (1995) 38 Cal.App.4th 1726, 1731. . . .) [¶] A court's discretionary decision to dismiss or to strike a sentencing allegation under section 1385 is also reviewable. '[W]here the court's action lacks reason it may be invalidated upon timely challenge.' (*People* v. *Orin, supra,* 13 Cal.3d at p. 949.) Section 1385 anticipates, and facilitates, appellate review with the requirement that '[t]he reasons for the dismissal must be set forth in an order entered upon the minutes.' (§ 1385(a).) **(1b)** 'The statement of reasons is not merely directory, and neither trial nor appellate courts have authority to disregard the requirement. It is not enough that on review the reporter's transcript may show the trial court's motivation; the *minutes* must reflect the reason "so that all may know why this great power was exercised." ' (*People* v. *Beasley* (1970) 5 Cal.App.3d 617, 637. . . ; see also *People* v. *Orin, supra,* 13 Cal.3d at p. 944 ['It is settled law that this provision is mandatory and not merely directory.'].)"

In *Romero,* the Supreme Court held the trial judge did not comply with the requirement of a statement of reasons for striking the prior serious felony convictions. The *Romero* court held: "[T]he trial court did not set forth its reasons for striking the prior felony conviction allegations in the relevant minute order, as required by section 1385(a). The order contains only this explanation of the court's decision: 'Court finds [Penal Code section 667] is unconstitutional and violates separation of powers and strikes the [prior

felony conviction] allegation[s].' This statement explains why the court found section 1385 applicable, but does not explain 'the reasons for the dismissal' (§ 1385(a)), that is, why the court felt it was proper to exercise its discretion under the section to strike the prior felony conviction allegations in this particular case. Under settled law such an order is ineffective. (*People v. Orin, supra,* 13 Cal.3d at p. 944 [' "[I]f the reasons are not set forth in the minutes, the order dismissing may not be considered a dismissal under section 1385." [Citations.]']; *People v. Beasley, supra,* 5 Cal.App.3d at p. 638 and cases cited therein.)" (*People v. Superior Court (Romero), supra,* 13 Cal.4th at p. 532.) As in *Romero,* the respondent courts in the present cases made no entries in their minutes describing the reasons why the interests of justice would be served within the meaning of section 1385, subdivision (a) if the prior serious felony convictions were stricken. Accordingly, consistent with the principles set forth in *Romero,* the cause is remanded for the respondent courts to set forth in writing in the minutes their reasons for the orders striking the prior serious felony conviction findings. If the respondent courts upon reflection are unable to articulate proper reasons in writing for striking the prior serious felony convictions, defendants are to be accorded the opportunity to withdraw their pleas and proceed to trial. The written statement of reasons for striking the prior serious felony convictions will be subject to appellate review. (*People v. Superior Court (Romero), supra,* 13 Cal.4th at p. 532.)

### IV. DISPOSITION

Let peremptory writs of mandate issue setting aside the probationary orders in these cases. The respondent courts are to set forth their reasons for striking the prior serious felony findings in writing pursuant to Penal Code section 1385, subdivision (a).

Jackson, J.,* concurred.

**ARMSTRONG, J.**—I concur.

I write separately to emphasize that the holding of our opinion is very limited. All we decide here is that this matter must be remanded to the trial court because the reasons for striking the prior serious felony convictions are not in writing as required by *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628]. The People and the defendants agree that remand is required. We do not, and at this stage of the proceeding cannot, express a view as to whether or not the trial court on

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

remand should or should not strike the prior convictions or whether the trial court is able to articulate proper reasons in writing for striking them, if in the exercise of its discretion, it should again decide to do so.